IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON E. ADAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 14-CV-366-NJR-DGW |
| | ) |
| RICHARD HARRINGTON, | ) |
| SAMUEL NWAOBASI, and | ) |
| BRADLEY J. STIRNAMAN, | ) |
| | ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 75), recommending that the motions for summary judgment on the issue of exhaustion filed by Defendants Richard Harrington and Bradley Stirnaman (Docs. 47) be granted in part and denied in part. The Report and Recommendation was entered on August 25, 2015 (Doc. 75). Defendants filed a timely objection to the Report and Recommendation (Doc. 77). Plaintiff did not file his own objection or respond to Defendants' objection.

Because a timely objection was filed, the undersigned must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). *De novo* review requires the district judge to "give fresh consideration to those issues to which specific

objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Harper*, 824 F.Supp. at 788 (citing 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part)); *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). For the issues to which no objections have been made, the Court will review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. For the reasons stated below, the Court overrules Defendants' objection and adopts the Report and Recommendation of Magistrate Judge Wilkerson.

### PROCEDURAL BACKGROUND

Plaintiff Byron Adams is an inmate in the custody of the Illinois Department of Corrections at Pontiac Correctional Center. This lawsuit, however, concerns events that occurred while he was housed at Menard Correctional Center prior to his transfer to Pontiac. Plaintiff alleges that on January 24, 2014, he was moved to the South Lower cell house at Menard and placed in cell 118. The floors in the South Lower cell house are purportedly scalding hot because of malfunctioning or unrepaired steam pipes underneath the floors. Plaintiff is a diabetic, and because of neuropathy in his feet, he was unable to feel the temperature of the cell floor. He suffered second degree burns on the bottoms of both feet. Plaintiff was admitted to the Health Care Unit on January 28, 2014, where he remained for over a month. During that time, he received treatment on his feet from Defendant Samuel Nwaobasi, a physician at Menard. Plaintiff was discharged from the Health Care Unit on March 5, 2014. He was sent back to the South

Lower cell house and placed in cell 114. According to Plaintiff, the floors of his new cell were even hotter than his old cell, and the problems with his feet continued. He was readmitted to the Health Care Unit on March 10, 2014, but it is not clear to the Court when he was discharged. Plaintiff eventually had to have his right big toe amputated.

Plaintiff alleges that while he was housed in the Health Care Unit, Defendant Bradley Stirnaman, a correctional officer, repeatedly entered his room and harassed him. On March 31, 2014, Plaintiff claims that Defendant Stirnaman entered his room, slapped and punched him, and knocked him off the bed. When other officers responded to Plaintiff's calls for help, Stirnaman told them that Plaintiff assaulted him first. Plaintiff was handcuffed and placed in temporary confinement. Stirnaman issued a disciplinary report, Plaintiff was found guilty, and certain privileges were revoked from Plaintiff as a result. Plaintiff eventually received treatment for trauma to his left eye that he purportedly sustained during the assault by Defendant Stirnaman.

Plaintiff claims in an affidavit that he filed a grievance about his "health care" in late January 2014 by placing it in the grievance box on the front wall of the cell house (Doc. 54-1) He claims he filed another grievance about his "health care" in late February 2014 by placing it in the "clinical services and counselor mailbox" on the wall of the Health Care Unit (Doc. 54-1). He filed another grievance on March 18, 2014, which he marked as an emergency, by placing it in the mailbox in the Health Care Unit (Doc. 54-1). This grievance complained of both the excessively hot floors and the medical care that Plaintiff had received (Doc. 1-1, pp. 2–4). Plaintiff did not receive a response to any of these grievances (Doc. 54-1).

Two days after he filed his emergency grievance, Plaintiff submitted his

complaint to this Court for filing.[1] In the complaint, he asserted a claim for unconstitutional conditions of confinement against Defendant Richard Harrington, the former Warden at Menard (Doc. 1). Plaintiff filed an Amended Complaint on April 13, 2014 (two weeks after the incident with Defendant Stirnaman) and added a claim for excessive force against Defendant Stirnaman (Doc. 13). He also added a claim for deliberate indifference to a serious medical need against Defendants Harrington and Nwaobasi (Doc. 13).[2] Plaintiff did not file a grievance regarding the incident with Defendant Stirnaman until April 21, 2014, eight days after he amended his complaint to add the excessive force claim (Doc. 54-1). Plaintiff eventually received a response to this grievance, but he did not indicate when. Plaintiff then filed a Second Amended Complaint on October 6, 2014, with the assistance of counsel (Doc. 34).

Defendants Harrington and Stirnaman filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies with respect to the conditions of confinement and excessive force claims prior to filing suit (Docs. 47, 48). As required by *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), Magistrate Judge Wilkerson held an evidentiary hearing on the issue of exhaustion on June 2, 2015 (Docs. 71, 76). Following the hearing, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 75). He recommended granting summary judgment with respect to the conditions of confinement claim, but not the excessive force claim (Doc. 75). Defendants filed a timely objection to the Report and

---

[1] It was not actually filed until the next day, March 21, 2014 (*see* Doc. 1).
[2] According to the Second Amended Complaint, the deliberate indifference to a serious medical need against Defendants Harrington and Nwaobasi is Count 1; the excessive force against Defendant Stirnaman is Count 2; and conditions of confinement claim against Defendant Harrington is Count 3 (Doc. 34).

Recommendation (Doc. 77). As noted above, Plaintiff did not file his own objection or respond to Defendants' objection.

## DISCUSSION

### A. Unconstitutional Conditions of Confinement against Defendant Harrington (Count 3)

Plaintiff claims that Defendant Harrington was deliberately indifferent to the scalding hot floors in his cell. In his findings of fact, Magistrate Judge Wilkerson found that there was one grievance relevant to this claim—the emergency grievance filed on March 18, 2014 (Doc. 75). Plaintiff waited only two days for a response to that grievance before submitting his complaint to the Court (Doc. 75). Plaintiff argued that the failure to respond within two days rendered the administrative process unavailable. Magistrate Judge Wilkerson rejected this argument, nothing that while there is no definitive timeline for when a warden must response to an emergency grievance, it is clear that Plaintiff had to give the warden more than two days (Doc. 75). Plaintiff also argued that he did not wait longer for a response because he believed he would never get a response, as demonstrated by the lack of response to previous grievances. Magistrate Judge Wilkerson rejected this argument as well, noting that Plaintiff's history of unanswered grievances did not automatically mean this one would also be ignored (Doc. 75). Magistrate Judge Wilkerson ultimately concluded that Plaintiff failed to wait an appropriate amount of time for a response to his grievance and therefore he did not complete the grievance procedure prior to filing suit (Doc. 75).

Plaintiff did not object to this conclusion. Therefore it is reviewed for clear error, and no clear error was made. *See Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1174–75

(7th Cir. 2010) (concluding inmate had to wait more than two days to file suit after submitting emergency grievance, particularly because "the danger [was] not of the greatest urgency."); *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006) ("Exhaustion is necessary even if the prisoner . . . believes that exhaustion is futile.") (citation omitted). The undersigned is deeply troubled by the allegations regarding this claim, but the law is clear that Plaintiff filed his conditions of confinement claim prematurely and therefore it must be dismissed. The dismissal, however, is without prejudice, and Plaintiff can refile this claim once he has fully exhausted his administrative remedies.

It appears to the undersigned that, at this point, Plaintiff meets this criterion given his assertion that he never received a response to his emergency grievance. *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) ("[W]e have also held that prison officials' failure to respond to a prisoner's claim can render administrative remedies unavailable." (citing *Lewis v. Washington,* 300 F.3d 829, 835 (7th Cir.2002))); *Muhammad v. McAdory*, 214 Fed. Appx. 610, 611, 613 (7th Cir. 2007) (concluding that a genuine issue of material fact existed regarding whether prison officials thwarted the inmate's efforts to exhaust when they did not respond to his emergency grievance within fifty-one days). Therefore, Plaintiff can refile his conditions of confinement claim in a new lawsuit before the two-year statute of limitations expires. If Plaintiff chooses to go this route, he should reference this case (14-cv-366-NJR-DGW) and this Order (Doc. 78) in his complaint and ask that the new case be assigned to the undersigned district judge and Magistrate Judge Wilkerson in order to promote judicial economy and efficiency and avoid the unnecessary duplication of efforts.

## B. Excessive Force Against Defendant Stirnaman (Count 2)

Plaintiff claims that Defendant Stirnaman used excessive force in violation of the Eighth Amendment when Stirnaman assaulted Plaintiff in the Health Care Unit on March 31, 2014. In his findings of fact, Magistrate Judge Wilkerson found that there was one grievance relevant to this claim—the grievance filed on April 21, 2014 (Doc. 75). This grievance was filed eight days *after* Plaintiff filed his amended complaint asserting a claim for excessive force against Defendant Stirnaman. Plaintiff argued, however, that he did not file a grievance prior to filing the amended complaint because he was too intimidated; he believed the reason Defendant Stirnaman harassed him and assaulted him in the first place was for complaining about the conditions at Menard (Doc. 75). Magistrate Judge Wilkerson credited this argument and concluded that the continual harassment, the assault, and the purportedly false disciplinary charges were sufficient to deter Plaintiff from filing a grievance immediately following the incident (Doc. 75). In other words, the intimidation and retaliation made the grievance process unavailable to Plaintiff, and he was excused from complying with it prior to filing suit (Doc. 75).

Defendant Stirnaman objected to Magistrate Judge Wilkerson's conclusion that the grievance process was unavailable to Plaintiff (Doc. 77). His objection is as follows:

> Plaintiff was temporarily housed to the health care unit, and Plaintiff's interactions with Defendant Stirnaman would have been limited only to the time when Plaintiff was housed in the health care unit, where Defendant Stirnaman was assigned. As such, when Plaintiff filed his amended complaint on April 13, 2014, Plaintiff was not in a position to say that he would be forever prevented from filing a grievance due to the harassment he received from Defendant Stirnaman when it was known that Plaintiff would only be in the health care unit on a temporary basis. Because Plaintiff had 60 days and could have requested leave beyond these 60 days to file a grievance, Plaintiff could not have had the grievance process made unavailable a mere thirteen days later without some

indication that his placement within the health care unit was to be an extended stay or Defendant Stirnaman would be assigned to wherever Plaintiff would be housed. Moreover, Plaintiff alleges he was assaulted on March 31, 2014, and on April 21, 2014 (twenty-one days later), Plaintiff did in fact file a grievance regarding the alleged assault.

(Doc. 77).

Defendant is claiming, in essence, that Plaintiff prematurely declared the grievance process unavailable when he still had plenty of time left to file his grievance, and Plaintiff had to wait to see if the grievance process opened back up to him. But Defendant does not cite to any legal authority in support of this proposition. Defendant cannot expect to kick Plaintiff's claim out of court based solely on his unsupported opinion of what the law requires, and the undersigned will not perform the necessary legal research for him. Accordingly, Defendant's objection to the Report and Recommendation is denied.

## CONCLUSION

For these reasons, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 75). Defendants' objection to the Report and Recommendation (Doc. 77) is **OVERRULED**. The motion for summary judgment on the issue of exhaustion filed by Defendants Richard Harrington and Bradley Stirnaman (Docs. 47) is **GRANTED in part and DENIED in part**. Count 3 against Defendant Richard Harrington for deliberate indifference to Plaintiff's conditions of confinement is **DISMISSED without prejudice.**

IT IS SO ORDERED.

DATED: September 30, 2015

s/ Nancy J. Rosenstengel
NANCY J. ROSENSTENGEL
United States District Judge
