IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| BYRON E. ADAMS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:14-cv-366-NJR-DGW |
| RICHARD HARRINGTON and BRADLEY J. STIRNAMAN, | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion to Enforce Settlement filed by Defendants Harrington and Stirnaman on March 1, 2017 (Doc. 144). For the reasons set forth below, it is **RECOMMENDED** that the motion be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

### INTRODUCTION

On February 7, 2017, a day prior to a scheduled settlement conference, Plaintiff (who was represented by counsel) informed the Court that this matter had settled (Doc. 140). A 60-day Order was entered informing the parties that the matter would be dismissed unless the parties moved to postpone entry of judgment (Doc. 141). On February 15, 2017, Plaintiff (*pro se*) filed a motion seeking a hearing in which he stated that he did not agree to settlement terms negotiated by his attorneys, Caroline Plater and Abraham Souza. Plaintiff stated that while he was willing to settle his claims against Warden Harrington (on the deliberate indifference count) for the amount

negotiated, he was not willing to settle his claims against Defendant Stirnaman (for excessive force). Around the same time period, Plaintiff's counsel sought to withdraw (Doc. 143) and Defendants sought to enforce the settlement agreement (Doc. 144).

On May 12, 2017, a hearing was held in which Plaintiff appeared by video-conference and by counsel and Defendants appeared by counsel (Doc. 151). Plaintiff and his attorney, Caroline Plater, testified as to the particulars of the settlement negotiations. Plaintiff's request for a hearing (Doc. 143) and his Counsels' request to withdraw were subsequently granted and Defendant's motion was taken under advisement (Doc. 152). This report and recommendation follows.

## FINDINGS OF FACT

On February 7, 2017, Plaintiff's counsel, Caroline Plater, and Defendants (through Gary Caplan, Assistant Chief Deputy Attorney General) orally agreed to settle Plaintiff's claims against Harrington and Stirnaman for the amount of $11,500 (Doc. 150-1). The amount was negotiated by Ms. Plater and represented an increase in the amount originally offered by Defendants (which was $2,000 for the claims against Harrington).

Plaintiff had orally authorized Ms. Plater to negotiate on his behalf and initially authorized settlement in the amount of $10,000. During that conversation, Ms. Plater told Plaintiff, and he acknowledged, that the amount would settle all of his claims in this suit. Ms. Plater, believing that a greater sum could be negotiated, then sought $12,000 from Defendants in anticipation that a sum of $11,500 would be agreed upon. The parties subsequently agreed to that amount. Ms. Plater and Plaintiff testified that on at least two occasions, it was made clear to Plaintiff that the amount was offered to settle all of Plaintiff's claims, not just the claim against Harrington. Plaintiff testified that when he spoke to his counsel about the settlement amount, and she informed

him that the amount represented a good settlement as to both of his claims, he agreed by saying "if you say so." In doing so, Plaintiff relied on counsel's advice.

Plaintiff now believes that the settlement amount is not a good deal because he has on-going medical treatment related to his claims against Stirnaman. He further argues that he did not agree to settle as to Defendant Stirnaman. At the hearing, however, it was clear that Plaintiff did agree to settle as to both Harrington and Stirnaman and only now believes that the amount is insufficient. The Court notes that Plaintiff's attorneys have diligently prosecuted this case, conducted necessary discovery, and have appeared in East St. Louis for various hearings. There is no question that Plaintiff's counsel have more than adequately represented Plaintiff's interest and that they secured a settlement amount that is substantially more than any jury award in any similar case in this District of which the undersigned is aware.

### CONCLUSIONS OF LAW

Illinois law governs a motion to enforce a settlement agreement in federal court. *Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489-490 (7th Cir. 2002); *Dillard v. Starcon Intern., Inc.*, 483, F.3d 502, 507 (7th Cir. 2007). "In Illinois an oral settlement negotiated between counsel is binding on the litigants if the lawyers were expressly authorized to settle and there was an offer, acceptance, and meeting of the minds." *Brown v. Cook County, Ill.*, 590 Fed.Appx. 639 (mem) (7th Cir. 2015) (citing *Elustra v Mineo*, 595 F.3d 699, 710 (7th Cir. 2010); *Dillard*, 483 F.3d at 507; *Magallanes v. Ill. Bell Tel. Co.,* 535 F.3d 582, 584–85 (7th Cir.2008); *Brewer v. Nat'l R.R. Passenger Corp.,* 165 Ill.2d 100, 208 Ill.Dec. 670, 649 N.E.2d 1331, 1333–34 (1995)).

A binding settlement was achieved in this matter. Plaintiff authorized his attorney to negotiate on his behalf. He understood that the settlement amount of $11,500 would resolve his claims against each of Defendants and he agreed to those terms. While his agreement was not

explicit, by indicating "if you say so" Plaintiff necessarily assented to the essential and material terms of the agreement.  *See IMI Norgreen, Inc. v. D&D Tooling MFG., Inc.*, 306 F.Supp. 2d 796, 801-802 (N.D. Ill. 2004).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Enforce Settlement be **GRANTED** (Doc. 144), that the Court find that the parties agreed to settle this matter for $11,500 as to Plaintiff's claims against Harrington and Stirnaman in this suit, that the Court dismiss this matter with prejudice once payment has been made to Plaintiff, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.  *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: May 18, 2017**

                                              **DONALD G. WILKERSON**
                                              **United States Magistrate Judge**