IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BYRON E. ADAMS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 14-CV-366-NJR-DGW |
| RICHARD HARRINGTON and BRADLEY STIRNAMAN, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is currently before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 154), which recommends granting the motion to enforce settlement filed by Defendants Richard Harrington and Bradley Stirnaman (Docs. 144). For the reasons explained below, the Court adopts Magistrate Judge Wilkerson's Report and Recommendation and grants the motion to enforce settlement.

## BACKGROUND

Plaintiff Byron Adams is an inmate in the Illinois Department of Corrections ("IDOC") who was formerly incarcerated at Menard Correctional Center. He alleges that he suffered second degree burns on the bottoms of his feet from the floor of his cell at Menard, which was dangerously hot because of deteriorating steam pipes that ran underneath the floor. Two of Plaintiff's claims survived summary judgment rulings—his claim against Warden Richard Harrington for deliberate indifference to the conditions of

his cell and his claim against Bradley Stirnaman for excessive force for assaulting him while he was housed in the healthcare unit recovering from his burns (Docs. 130, 135).

Prior to trial, the matter was set for a settlement conference on February 8, 2017 before Magistrate Judge Wilkerson (Doc. 137). The day before the settlement conference, Plaintiff's counsel informed the Court that the parties settled the matter themselves (Doc. 140). An Order was entered informing the parties that they had sixty days to finalize the settlement before judgment would enter (Doc. 141). On February 15th, however, Plaintiff filed a *pro se* motion claiming that he did not agree to the settlement terms negotiated by his attorneys, Caroline Plater and Abraham Souza, and asking for a hearing with Magistrate Judge Wilkerson (Doc. 144). Plaintiff stated that he was willing to settle his deliberate indifference claim against Warden Harrington for the amount negotiated, but he was not willing to settle his excessive force claim against Defendant Stirnaman (Doc. 144). Shortly thereafter, Plaintiff's attorney filed a motion to withdraw, and Defendants filed a motion to enforce the settlement (Docs. 143, 144). The 60-Day Order was vacated, and the entry of judgment was postponed until the motions were resolved (Doc. 147).

Plaintiff's request for a hearing was granted, and the hearing was held before Magistrate Judge Wilkerson on April 18th (Doc. 151). At the hearing, Plaintiff and Ms. Plater testified as to the particulars of the settlement negotiations (*see* Doc. 156). Following the hearing, Plaintiff's attorneys, Ms. Plater and Mr. Souza, were permitted to withdraw, and the motion to enforce the settlement was taken under advisement

(Doc. 152). On May 18th, Magistrate Judge Wilkerson issued the Report and Recommendation that is currently before the Court (Doc. 154).

In his Report and Recommendation, Magistrate Judge Wilkerson found that defense counsel Gary Caplan made an offer to Ms. Plater of $10,000 to settle both of Plaintiff's claims (Doc. 154). Ms. Plater then spoke to Plaintiff, and he agreed to accept $10,000 (*Id.*). But then Ms. Plater went back and attempted to get a little bit more money for Plaintiff (*Id.*). After a bit of back and forth, Ms. Plater and Mr. Caplan orally agreed to a settlement of $11,500 (*Id.*). Plaintiff agreed to accept this amount (*Id.*). Ms. Plater and Plaintiff both testified that during the course of the negotiations she told him, and he acknowledged, on more than one occasion that the settlement amount was for both of claims, not just the claim against Harrington (*Id.*). Plaintiff now believes the settlement is not a good deal, however, because he is still receiving ongoing medical treatment as a result of Stirnaman's assault, and he maintains that he did not want to settle against Stirnaman (*Id.*).

Based on the testimony at the hearing, Magistrate Judge Wilkerson concluded that a binding settlement was achieved (Doc. 154). Plaintiff authorized his attorney to negotiate on his behalf, he understood that the settlement amount of $11,500 would resolve his claims against each Defendant, and he agreed to those terms (*Id.*). Consequently, Magistrate Judge Wilkerson recommended granting the motion to enforce the settlement and dismissing this matter with prejudice once payment had been made to Plaintiff (*Id.*)

Plaintiff filed a "response" to the Report and Recommendation on May 24th (Doc. 155). In that submission, he states his belief that the Report and Recommendation granted Defendants' motion to enforce the settlement and that he will be receiving a payment of $11,500 (Doc. 155). He wanted to know who was going to issue the payment, when it would be issued, and if it would be sent to him at Pontiac Correctional Center (Doc. 155). On July 5th, Plaintiff filed a motion again trying to figure out when he will get his money (Doc. 157).

## DISCUSSION

The Court does not consider Plaintiff's "response" to the Report and Recommendation to be a specific objection to anything contained within the Report and Recommendation. Because there are no specific objections to the Report and Recommendation, the Court need not conduct a *de novo* review. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court need only review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The undersigned has carefully reviewed the motions and exhibits submitted by the parties, as well as the transcript from the motion hearing, and Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the undersigned fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson.

Consequently, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 154) and **GRANTS** the motion to enforce settlement filed by

Defendants Richard Harrington and Bradley Stirnaman (Doc. 144). Plaintiff's motion filed on July 5, 2017, is **GRANTED**. Unfortunately, the Court does not know the specifics regarding who will issue the payment, the form in which the payment will be issued, where the payment will be sent, etc. Defense counsel is **ORDERED** to provide Plaintiff with that information in a written letter postmarked on or before July 24, 2017.

Defense counsel is further **ORDERED** to prepare a written settlement agreement, ensure its execution, and issue payment to Plaintiff within sixty days after this Order is docketed. The Clerk of Court is **DIRECTED**, after the sixty-day period expires, to enter a judgment dismissing this case with prejudice. If the parties fail to finalize the settlement within the 60-day period, they may—before that period expires—move to postpone entry of judgment to a later date.

**IT IS SO ORDERED.**

DATED: July 10, 2017

_(signature)_

**NANCY J. ROSENSTENGEL**
**United States District Judge**